State ex rel. Insurance Company vs Judges.

No. 9084.

THE STATE EX REL. NEW ORLEANS INSURANCE COMPANY VS. THE JUDGES OF THE COURT OF APPEALS FOR THE THIRD CIRCUIT.

The doctrine is re-affirmed, that this court, in the exercise of its supervisory jurisdiction, will not interfere with the discretion of inferior courts in determining questions within their jurisdiction, arising properly for decision, and decided in regular course of proceedings.

PPLICATION for Certiorari and Mandamus.

*Chas. E. Schmidt,* for the Relator :

Where, under a writ of attachment, a debt due by a third person, made party garnishee, has been seized in his hands, if the defendant in the attachment suit gives a release bond under Article 259 C. P., the attachment is thereby dissolved, the bond substituted for the property attached, and the garnishee cannot set up the pendency of the suit as a reason for withholding any part of the debt.  2 A. 243; 18 L. 58.

Under Act No. 51 of 1876, p. 92, one not a party to the suit claiming to be in the actual or constructive possession of the property, real or personal, attached, may on intervening in the suit, and on *prima facie* showing to the court, that he is the *bona fide* owner, pledgee or consignee of the property, have the same delivered to him on executing a bond in the same manner and amount, within the same delay, and with the same effect as the defendant himself could.

Where such an intervenor has been allowed to bond the property attached, the attachment being thereby dissolved, the garnishment is thereby released, the garnishee ceases to be a party to the suit, and the property attached in his hands is no longer in *custodia legis*, or subject to the control of the court.

When after such bonding by the intervenor the garnishee, conformably to the authorization of the court, has paid to the intervenor the amount of the debt attached, the plaintiff in attachment cannot, on the subsequent trial of the case on the merits, disregard the dissolution of the attachment by the release bond furnished by the intervenor, treat the garnishee as still a party to the suit, and take judgment against him personally.  Such a judgment is *coram non judice* and an absolute nullity.

Such *void* judgment may be attacked at any time, in any form of proceeding, whether collaterally or by direct action, by any one having the least interest to have the nullity pronounced.  30 A. 692; 29 A. 647; 24 A. 253; 33 A. 618.

An execution upon such a judgment can be considered as issued without a judgment to support it.  33 A. 618.

Even though the garnishee might have appealed therefrom, his right at any time to relief by an action in nullity is expressly secured to him by law.  C. P. arts. 604, 611, 612; 5 A. 218.

It was error, therefore, on the part of the court of appeals to have maintained an exception to the effect that in such a case an action in nullity did not lie, and that relief was only obtainable by appeal.

The refusal of the court of appeals to go into the merits of the action in nullity was based upon an erroneous construction of a question of law and practice preliminary to the whole case.

In such a case, your Honors have held that your supervisory control over an inferior court, under Article 90 of the Constitution, could be invoked to compel, by mandamus, such

court to reinstate the case and proceed to a hearing on the merits. State *ex rel.* McGee *et al.* vs. Judges Court of Appeals, 33 A. 182; High on Ex. Rem. § 151.

*Henry P. Dart* for the Respondents:

1. Where the circuit court has taken jurisdiction and decided the case, maintaining a peremptory exception, its acts are not reviewable and mandamus and certiorari will not *lie.* 33 A. 16, 182, 1201; 34 A. 782; 35 A. 838; 32 A. 1224, 552.
2. The decision of a peremptory exception which disposes of the case is not a "construction of some question of law or of practice preliminary to the whole case," but is a final judgment, combining on its face the elements of jurisdiction and decision, the whole an act of judicial discretion.
3. When a record is opened for discussion on the points of defense, that fact evidences the determination of all preliminary questions, and the decree disposing of the case according to the judgment of the court does not fall under the supervisory control of this Court.
4. An action of nullity does not lie when the plaintiff had remedy by appeal. A litigant's laches are no grounds for nullity.
5. A judgment is *not absolutely* null which was predicated on a citation duly served.

The opinion of the Court was delivered by

FENNER, J. Relator brought a suit in the District Court for the Parish of St. Landry, against Berkson Bros., the object of which was to have a judgment which had been rendered against relator in favor of said Berkson Bros. declared absolutely null and void.

The said defendants filed *in limine* a peremptory exception to the effect that an action of nullity did not lie in such a case, but that the only remedy was by appeal from the judgment sought to be annulled. This exception was overruled in the district court, judgment rendered on the merits in favor of the relator and an appeal was taken to the court of appeals.

The judges of the last named court, who are respondents here, after due hearing and with all regularity of proceeding, decided that the exception above stated was well taken, reversed the judgment of the lower court and dismissed relator's action.

The present application of relator is for writs of certiorari and mandamus, under which he asks that we should annul the judgment of the court of appeals and command the judges thereof to reinstate the case and proceed to hear and decide the same on the merits.

It is evident that we could not grant the relief prayed for without a complete departure from the rules which we have uniformly and repeatedly laid down as those by which we should ordinarily be guided in the exercise of our supervisory jurisdiction.

The exception was peremptory in its nature, properly pleaded, carried up with the cause to the court of appeals and was a necessary matter to be considered and decided by that court. In the exercise of

unquestioned jurisdiction and with entire regularity of proceeding, the respondent judges have decided it.

For this Court, in this form of proceeding, to undertake to revise that judgment, would be to exercise a purely appellate jurisdiction which, in such matters, we have uniformly declined to do. State *ex rel.* City vs. Judge, 32 A. 552; State *ex rel.* Berthoud vs. Judge, 34 A. 782; Brown vs. Raglan, 35 A. 838.

The case of State *ex rel.* McGehee vs. Judges, 33 A. 180, relied on by relator, has no application here. There the respondent judges refused to entertain *jurisdiction* of the cause. Here the court entertained jurisdiction and heard and decided the cause.

It is, therefore, ordered that the prayer of relator's petition be denied at its proper cost.